1  TRINETTE G. KENT (State Bar No. 222020)
2  3219 E Camelback Road, #588
   Phoenix, AZ 85018
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@lemberglaw.com
5
6  Of Counsel to
   Lemberg Law, LLC
7  43 Danbury Road
8  Wilton, CT 06897
   Telephone:  (203) 653-2250
9  Facsimile:  (203) 653-3424
10
11 Attorneys for Plaintiff,
   Samantha McCool
12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| Samantha McCool, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Thunderbird Collection Specialists, Inc., | **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND** |
| Defendant. | **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
|  | **JURY TRIAL DEMANDED** |

Plaintiff, Samantha McCool (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Thunderbird Collection Specialists, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Twentynine Palms, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Scottsdale, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12. In October of 2017, Defendant began calling Plaintiff in an attempt to collect a debt.

13. Defendant placed calls to Plaintiff's cellular telephone and to Plaintiff's place of employment.

14. On or about October 4, 2017, during a live conversation, Plaintiff advised Defendant that she could not receive personal calls at work and requested that Defendant cease calling her place of employment.

15. Ignoring Plaintiff's request, Defendant continued to call Plaintiff's place of employment.

16. On one occasion, during a live conversation, Defendant yelled at Plaintiff, repeatedly interrupted her, admitted to using intimidation tactics to collect the alleged debt, threatened to report Plaintiff's alleged debt to the credit reporting bureaus, and stated, "You've got one more chance to talk about repayment of the debt or I'm going to end the conversation."

17. On another occasion, Defendant spoke with Plaintiff's co-worker and disclosed that it was calling to collect a debt from Plaintiff.

18. On another occasion, Defendant called Plaintiff's place of employment posing as Plaintiff's husband in an attempt to get Plaintiff on the line.

19. Defendant's actions caused Plaintiff to suffer a significant amount of stress, anxiety, frustration and embarrassment.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

21. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

22. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

23. Defendant communicated with a person other than Plaintiff and stated that Plaintiff owes a debt, in violation of 15 U.S.C. § 1692b(2).

24. Defendant communicated with Plaintiff at a time or place known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

25. Defendant communicated with Plaintiff at her place of employment knowing that the employer prohibits Plaintiff from receiving such communication, in violation of 15 U.S.C. § 1692c(a)(3).

26. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

27. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

29. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

30. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

31. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

33. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

34. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

35. Defendant communicated with Plaintiff's employer over the telephone for a purpose other than to verify Plaintiff's employment without first sending a written communication, in violation of Cal. Civ. Code § 1788.12(a).

36. Defendant falsely represented that the alleged debt had been or was about to be referred to a consumer-reporting agency, in violation of Cal. Civ. Code § 1788.13(f).

37. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

38. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: April 2, 2018          TRINETTE G. KENT

By: <u>/s/ *Trinette G. Kent*</u>
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Samantha McCool